# THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MOHAMMED ABUHARBA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 3:23-cv-01138-GCS |
| | ) |
| J.B. PRITZKER, ANTHONY WILLS, WEXFORD, C/O LAWSON, C/O JAMES, C/O BRANDT, ROB JEFFREYS, C/O MCVEY, MOLDENHAUER, and JOHN OR JANE DOE PLACEMENT OFFICER, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

Plaintiff Mohammed Abuharba, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Pontiac Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 based on events that occurred at Menard Correctional Center ("Menard"). In the Complaint, Abuharba alleges Defendants failed to follow COVID-19 protocols which exposed him to the virus. He also alleges they were deliberately indifferent to his conditions of confinement and medical needs in violation of the Eighth Amendment.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A.[1] Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b).

### THE COMPLAINT

In his Complaint, Abuharba notes that in 2020, during the COVID-19 pandemic, the Centers for Disease Control ("CDC") issued guidelines on how to prevent the spread of the virus. Abuharba alleges that Menard Correctional Center staff failed to follow those guidelines. Abuharba wrote a grievance as well as letters to J.B. Pritzker, Jeffreys, and Wills in August 2020 informing them of staff's refusal to follow CDC guidelines. (Doc. 1, p. 7). He never received a response to any of his letters. *Id.* at p. 8. Abuharba complained about staff placing non-infected inmates in quarantine zones, celling inmates together, and failing to provide inmates with cleaning agents for shared fixtures. *Id.* Abuharba alleges the decision to house inmates together prevented inmates from adequately distancing themselves by six feet as recommended by the CDC. *Id.*

Abuharba also alleges that Wexford was aware of CDC guidelines but deliberately understaffed the healthcare unit, suspended medical passes, and failed to take preventive

---

[1] The Court has jurisdiction to screen Abuharba's Complaint in light of his consent to the full jurisdiction of a magistrate judge (Doc. 5) and the limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandums of Understanding between the Illinois Department of Corrections and Wexford and this Court.

measures to mitigate the spread of COVID-19. (Doc. 1, p. 8). He further alleges that Wexford, Pritzker, Jeffreys, and Wills failed to take preventative measures to ensure Abuharba did not contract COVID-19. *Id.*

On November 30, 2020, Abuharba contracted COVID-19. (Doc. 1, p. 8). He was bed-ridden and in terrible pain. *Id.* He informed Correctional Officer ("C/O") Lawson of his condition and asked for medical attention. *Id.* Lawson, however, failed to obtain medical care for Abuharba. *Id.* The next day, Abuharba informed C/O James of his symptoms, and James promptly took him to the healthcare unit. *Id.* at p. 9. Abuharba tested positive for COVID-19. *Id.* He was subsequently escorted to the South Cellhouse by James, which served as the quarantine area of the prison. *Id.* Abuharba alleges that the South Cellhouse was previously condemned and deemed unfit to house humans. *Id.* Despite the cellhouse being unfit for inmates, Wills and John Doe Placement Officer used the cellhouse for quarantine purposes. *Id.*

C/O Brandt opened the cellhouse door for Abuharba when he arrived. (Doc. 1, p. 9). The cellhouse had no ventilation system. *Id.* Instead, fans were constantly blowing and circulating contaminated air. *Id.* at p. 9. While in quarantine, Abuharba and the other inmates were not allowed to take showers. *Id.* The sinks also lacked hot water, which forced the inmates to wash with cold water during the winter. *Id.* Additionally, there was mold in the showers and in the air. *Id.* The water from the sink, which Abuharba used for drinking and washing, was brown. *Id.* at p. 9-10.

Abuharba continued to suffer from COVID-19. He later experienced other symptoms including chest pains, loss of feeling in his fingers and toes, and numbness.

(Doc. 1, p. 10). On June 26, 2021, he sought emergency medical care and was escorted to the healthcare unit. *Id*. The medical technician determined that Abuharba had a low heart rate, and he was scheduled to see a doctor. *Id.* Abuharba experienced worsening chest pains and informed McVey, but McVey ignored his requests for immediate care. *Id*. Although Dr. Moldenhauer eventually met with Abuharba and ran numerous tests, including a blood test, vital checks, and an EKG, he was unable to determine the cause of his symptoms and did not provide any treatment. *Id*. Abuharba continues to suffer from the same symptoms with no relief. *Id*. at p. 11. He believes that the symptoms stem from contracting COVID-19 while at the prison. *Id.*

## DISCUSSION

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following counts:

Count 1: **Eighth Amendment deliberate indifference claim against J.B. Pritzker, Jeffreys, and Wills for failing to follow CDC guidelines for the prevention of COVID-19.**

Count 2: **Eighth Amendment deliberate indifference claim against Wexford, Pritzker, Jeffreys, and Wills for failing to follow CDC guidelines and maintain a safe and sanitary living environment to stop the spread of COVID-19.**

Count 3: **Eighth Amendment deliberate indifference claim against Lawson for failing to provide Abuharba with medical care on November 30, 2020.**

Count 4: **Eighth Amendment deliberate indifference claim against James, Brandt, Wills, and John Doe placement officer for the unconstitutional conditions Abuharba experienced while in quarantine.**

> **Count 5:** Eighth Amendment deliberate indifference claim against McVey for failing to provide Abuharba with emergency medical care in June 2021.
>
> **Count 6:** Eighth Amendment deliberate indifference claim against Moldenhauer for his treatment of Abuharba's chest pain in June 2021.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[2]

### A. Conditions of Confinement Claims

#### 1. Counts 1 and 2

Abuharba alleges that staff at Menard failed to follow CDC guidelines. He alleges that he informed Pritzker, Jeffreys, and Wills that guidelines were not being followed in several areas including: the handling and preparation of food, placing infected inmates in non-quarantine zones, placing non-infected inmates in quarantine zones, failing to provide inmates with disinfectant, and housing them in a cell with each other. But he fails to allege that any of the Defendants implemented these policies, only that their staff were not following guidelines. (Doc. 1, p. 7-8).

---

[2] *See, e.g., Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)(noting that an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

Further, the failure to follow CDC guidelines does not state a claim. Although he insists that staff ignored health experts' recommendations, the Seventh Circuit has explained that "CDC Guidelines—like other administrative guidance—do not themselves set a constitutional standard." *Mays v. Dart*, 974 F.3d 810, 823 (7th Cir. 2020). "[W]hile the recommendations of these various groups may be instructive in certain cases, they simply do not establish the constitutional minima; rather, they establish goals recommended by the organization in question." *Id.* (quoting *Bell v. Wolfish*, 441 U.S. 520, 543 n.27 (1979). Likewise, violations of state laws or policies do not constitute a violation of the constitution under Section 1983. *See, e.g.*, *Pulera v. Sarzant*, 966 F.3d 540, 551 (7th Cir. 2020)(noting that a violation of jail policy is not cognizable under Section 1983); *Thompson v. City of Chicago*, 472 F.3d 444, 454 (7th Cir. 2006)(noting that Section 1983 does not protect plaintiffs from violations of state law or policy).

Abuharba simply fails to plead any facts that show "Defendants' overall response was so lacking as to show deliberate indifference to his welfare." *Lawson v. Pritzer*, Case No. 21-CV-4063-MMM, 2022 WL 757932, at *2 (C.D. Ill. Mar. 11, 2022) (*citing Money v. Pritzker*, 453 F.Supp.3d 1103, 1131 (N.D. Ill. 2020)(stating that "given the constantly shifting parameters and guidance regarding how to combat a previously little known virus, it is worth pointing out that 'the mere failure . . . to choose the best course of action does not amount to a constitutional violation.'") (quoting *Peate v. McCann*, 294 F.3d 879, 882 (7th Cir. 2002)). While the presence of COVID-19 in the prisons presents a substantial risk of serious harm, Abuharba fails to plead that Defendants acted with "total unconcern for [his] welfare." *Rosario v. Brawn*, 670 F.3d 816, 821 (7th Cir. 2012). He states that

Pritzker, Jeffreys, Wills, and Wexford were responsible for ensuring a safe and sanitary environment to include preventative measures to prevent the spread of COVID-19, but he fails to point to anything that these defendants did, other than fail to respond to his letters, which amounted to deliberate indifference. There are no allegations to suggest their policies or practices in response to the pandemic were so lacking as to show deliberate indifference. Thus, Counts 1 and 2 are **DISMISSED without prejudice**.

### 2. *Count 4*

As to Count 4, Abuharba alleges once he was diagnosed with COVID-19 and placed in quarantine, he was subjected to unconstitutional conditions of confinement. He alleges that Wills and the John Doe placement officer were aware of the conditions Abuharba faced because the building was condemned prior to being used as the quarantine cellhouse. Yet despite this knowledge, they ordered that Abuharba and other inmates be placed in the cellhouse. At this stage, Abuharba states a claim in Count 4 against Wills and John Doe placement officer.

He fails to state a claim, however, against Defendants Brandt and James. Abuharba only states that James escorted him to the cellhouse and that Brandt opened the door to the cellhouse when he arrived. There are no allegations to suggest that their actions rose to the level of deliberate indifference. Showing deliberate indifference is a "high hurdle" as it requires a showing "approaching total unconcern for the prisoner's welfare." *Rosario*, 670 F.3d at 821 (internal quotations and citation omitted). Abuharba fails to allege that Brandt and James were aware of the conditions or that they had any involvement in his placement in the cellhouse. They simply escorted Abuharba. These allegations do not rise

to the level of deliberate indifference. Thus, both Brandt and James are **DISMISSED without prejudice**.

### B. Medical Care Claims

Abuharba's claims in Counts 3, 5, and 6 relate to the medical care he received after he contracted COVID-19. The claims include different Defendants and factual allegations than the claims regarding his conditions of confinement. Accordingly, consistent with *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) and Federal Rules of Civil Procedure 18 and 20, the Court will sever Counts 3, 5, and 6, regarding Abuharba's medical care, into a different case with a newly assigned case number.

### DISPOSITION

For the reasons stated above, Counts 3, 5, 6 are severed into a new case against Defendants Lawson (Count 3), McVey (Count 5), and Moldenhauer (Count 6). In the new case, the Clerk of Court is **DIRECTED** to file the following documents:

- This Memorandum & Order;
- The Complaint (Doc 1); and
- The motion to proceed IFP (Doc. 6).

The only claims remaining in this case are Counts 1, 2, and 4. Count 4 shall proceed against Anthony Wills and John Doe placement officer. Counts 1 and 2 are **DISMISSED without prejudice**. Wexford, J.B. Pritzker, Rob Jeffreys, James, and Brandt are also **DISMISSED without prejudice**.

The Clerk of Court shall prepare for Defendant Anthony Wills: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of

Service of Summons).³ The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendants' place of employment as identified by Abuharba. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Abuharba, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Abuharba, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the

---

³ The Court will not order service on the John Doe Placement Officer until he is identified.

costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Abuharba is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **seven days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. PROC. 41(b).

**IT IS SO ORDERED.**

**DATED:  May 25, 2023.**

Digitally signed by Judge Sison
Date: 2023.05.25 10:11:15 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**

### NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**